# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| HENRY L. SMELTZER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:05CV00493 |
| | ) | |
| THEODIS BECK, Secretary, | ) | |
| N.C. Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

**SHARP, Magistrate Judge**

Petitioner Henry L. Smeltzer, a prisoner of the State of North Carolina, on January 3, 1994, in the Superior Court of Alamance County, pled guilty to two counts of first-degree statutory rape, five counts of first-degree statutory sexual offense, and two counts of felonious incest. On January 5, 1994, Superior Court Judge J. B. Allen, Jr., consolidated the charges and sentenced Petitioner to life imprisonment. Petitioner was represented by attorney Daniel Monroe.

Petitioner Smeltzer states in his § 2254 petition that he filed an appeal from his convictions with the North Carolina Court of Appeals, but that the court denied his appeal in 1994. Respondent advises in response, however, that the North Carolina Court of Appeals has no record of Petitioner ever filing any document with that court. For purposes

of this proceeding, the Court notes that even by Petitioner's own assertions, any direct appeal by Petitioner was denied as long ago as 1994.

It appears from the records before the Court that Petitioner did not file with the state court a Motion for Appropriate Relief until the belated date of December 28, 2004. (Pleading No. 8, Mot. for App. Relief attached to Petitioner's Response.) He did file a number of earlier documents and motions with the Alamance County Superior Court, but none of these may constitute a motion for appropriate relief under state or federal rules. For example, on May 31, 1996, Petitioner Smeltzer filed an "EX PARTE MOTION: Production of Court Records and Transcripts." He filed supporting documents on July 12, 1996. In an Order filed July 16, 1996, Judge Allen granted Petitioner's request and ordered that certain materials be produced to Petitioner.

Petitioner also wrote an undated, personal letter to Judge Allen, postmarked December 23, 1996. Petitioner informed Judge Allen, *inter alia* and in rambling fashion, that he was receiving good care in prison, that what he had done was wrong but not criminal, that his family situation was bleak, that untruthful things were said at his plea hearing, that he was justified in beating one of his children, that he signed papers for appointment of counsel outside the presence of a judge, that his attorney visited him only twice, that his current attorney had taken the family's money, and that he blamed himself for his brother's death. Petitioner asked for Judge Allen's help. In apparent response to the letter, a judicial assistant wrote a letter to Petitioner on December 30, 1996, indicating that the file showed

that Petitioner had voluntarily pled guilty and that Judge Allen did not have any authority to change the judgment.

Between 1997 and May, 2004, Petitioner submitted to the state court a number of requests for transcripts, documents, and copies of DNA test results. The Alamance County Superior Court informed Petitioner he must pay for certain documents since he had already received one free copy of them. Further, Petitioner was advised that DNA testing had not been performed in his case.

On December 28, 2004, Petitioner filed his first habeas corpus petition in this court. The petition was inadequate as to form and fee, however, and was dismissed without prejudice. By May 19, 2005, Petitioner had finally submitted a habeas petition in proper form. For purposes of Respondent's statute of limitations defense in this action, the Court will use the December 28, 2004 submission as the filing date for Petitioner's habeas application.

### **Claims of the Petition**

In his habeas petition, Petitioner Smeltzer presents the following habeas claims: (1) two of his indictments contained the same information in violation of Double Jeopardy; (2) there was no medical evidence to support the sex-offense convictions; (3) the evidence was insufficient to support two of his convictions; (4) certain evidence was not presented to the grand jury; (5) his convictions were not supported by DNA evidence; (6) his family was held without a warrant; (7) no judge was present when counsel was appointed for him; (8) police

questioned certain victims improperly; and (9) he was denied effective assistance of counsel. In response to the petition, Respondent has presented a threshold defense of violation of the statute of limitations, and has moved to dismiss on that ground.

## **Discussion**

On review, the Court finds that Respondent's statute-of-limitations defense is well-taken and is dispositive of this case. Petitioner's convictions became final on direct review on January 15, 1994, ten days after entry of judgment against him.[1] *See* 28 U.S.C. § 2244(d)(1); N.C. R. App. P. 4(a). Because Petitioner's convictions became final before the April 24, 1996 enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), Petitioner had until April 24, 1997 to file a federal habeas corpus petition. *See Hernandez v. Caldwell*, 225 F.3d 435, 438 (4th Cir. 2000). Petitioner did not file his petition until December 2004, more that seven years after expiration of the one-year habeas limitations period.

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed Motion for Appropriate Relief is pending in state court is not counted toward the limitation period. Nonetheless, Petitioner's miscellaneous filings in state court during the relevant period cannot serve to toll the statute of limitations. None are motions for appropriate relief. *See, e.g., Lloyd v. Vannatta*, 296 F.3d 630 (7th Cir. 2002), *cert. denied*, 537 U.S. 1121

---

[1] There is no record of an appeal by Petitioner. Even under Petitioner's assertion that he did file an appeal, that appeal was denied by his admission before the end of 1994, and would therefore not affect the statute-of-limitations calculations in this case.

-4-

(2003)(motions for transcripts do not toll). Petitioner's personal letter to Judge Allen is not a Motion for Appropriate Relief under North Carolina's rules. It is not a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. 2244(d)(2); *see Artuz v. Bennett*, 531 U.S. 4, 8 (2000)("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.") Petitioner's letter to Judge Allen does not meet this criteria in any respect. *See* N.C. Gen. Stat. § 15A-1420 (Motions for appropriate relief must state the grounds for the motion, set forth the relief requested, be served on the opponent, and be filed with the Clerk.) Of course, the Motion for Appropriate Relief that Petitioner finally filed in December 2004 was filed long after the expiration of the federal habeas statute of limitations and therefore can have no tolling effect.

On full review of the file, the Court finds no basis for either statutory or equitable tolling of the one-year statute of limitations applicable to habeas actions. Accordingly, this petition, filed in December 2004 is out-of-time by more than seven years. The Court therefore **GRANTS** Respondent's motion to dismiss (Pleading No. 4).

-5-

Case 1:05-cv-00493-PTS   Document 11   Filed 01/26/06   Page 5 of 6

**IT IS SO ORDERED**.  A judgment dismissing this action with prejudice will be entered contemporaneously with this Memorandum Opinion and Order.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date:  January 26, 2006